IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KASANDRA DUBOSE LEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04-CV-01210-DRB |
| | ) | [wo] |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act , 42 U.S.C. §§ 401 et seq., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Kasandra Dubose Lee ("Dubose Lee") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be affirmed.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied."

*Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Dubose Lee , age 40 at the time of the hearing, has not engaged in substantial gainful work activity since February 14, 2000, the alleged onset date of disability.  The ALJ determined that Dubose Lee suffers two severe impairments – osteoarthritis involving both knees and left ankle and morbid obesity – but considered individually and in combination, they did not meet or equal in

severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P.  After discrediting Dubose Lee's allegations of pain and functional limitations, the ALJ found that Dubose Lee did not retain the residual functional capacity ("RFC") to perform her past relevant work as a Nurse Aide (semi-skilled, medium) but could perform other unskilled, light jobs as a poultry grader and a housekeeping cleaner.  Accordingly, the ALJ concluded that Dubose Lee is not disabled.[1]

### III.  ISSUES

Contrary to explicit instructions, Dubose Lee filed a brief, which does not include a "Statement of the Issues" but instead specifies these two claimed errors as subheadings in the "Argument" section of her brief:[2]

1. The Administrative Law Judge erred in his evaluation of Ms. Dubose Lee's pain and drowsiness.

2. There is no substantial evidence that Ms. Dubose Lee can return to past work activity as a poultry grader or housecleaner.

**Plaintiff's counsel is advised that similar non-compliance hereafter with this court's order will result in rejection of the brief.**

As documented *infra*, because the record contains adequate vocational evidence of this claimant's RFC to perform other work, the ALJ committed harmless error at the fourth step of his

---

[1] R. 16, 20, 24-26.  The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] *See* Plaintiff's Memorandum Brief at 8, 11 ("*Pl.'s Br.*")(Doc. 11, filed Apr. 18, 2005) *and* Order filed December 28, 2004 (Doc. 3)(directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

disability evaluation by describing as "past relevant work" her undated jobs as a poultry grader and a housekeeper. Accordingly, discussion focuses on whether the ALJ's credibility assessment of her pain allegations is supported by substantial evidence and the correct application of controlling legal standards.

## IV.  DISCUSSION

### A.  Claimed Error:  past relevant work

The Commissioner essentially concedes that the record does not support a non-disability determination which is grounded on the ALJ's fourth step finding of Dubose Lee's previous jobs as a poultry grader or a housekeeping cleaner as "past relevant work." *See* Memorandum in Support of The Commissioner's Decision at 7 ("*Def.'s Br.*") (Doc. 12, filed May 18, 2005). That is because nothing in the record indicates when she performed either job. *See* R. 86-94; *see also* 20 C.F.R. §§ 404.1565(a), 416.965(a) ("We consider that your work experience applies when it is done within the last 15 years.").

The evidentiary record, however, does include unchallenged testimony by a vocational expert that notwithstanding her severe impairments, Dubose Lee has the RFC to perform other work available in significant numbers in the regional and the e national economy:  as an *automobile self service station attendant (unskilled, light)* with 1, 770 jobs in Alabama and 169,000 jobs nationally, or as *a companion (semi-skilled, light)* with 11,000 jobs in Alabama and 410,000 jobs nationally.[3] Given

---

[3]In response to the ALJ's accurate and unchallenged hypothetical, the vocational expert advised: "In my opinion, Dr. Bell's narrative PCE and medical source opinion would allow a hypothetical candidate for employment to perform a reduced range of light work. Therefore, the candidate could not do the PRW as a nurse aid but could do the PRW as a poultry grader or housekeeping cleaner. She could also do other work." (delineating the described jobs) (R.114). The
(continued...)

this "other work" evidence – sufficiently substantial to support the non-disability determination, the ALJ's erroneous description of Dubose Lee's "past relevant work" is harmless; thus, granting the requested remand for this error would be an exercise in futility and not conducive to the interest of judicial economy.

### B. ALJ's Credibility Assessment

Regarding the ALJ's rejection of her pain testimony, Dubose Lee notes that the ALJ "mentioned Social Security Ruling 02-1p[4] with respect to the need to consider the effect of obesity on an individual's ability to perform routine movement [and] acknowledged that morbid obesity is [her] 'significant impairment'." She maintains, however, that he "failed to factor obesity into his analysis of [her] credibility."[5] The Commissioner responds that the ALJ's decision "reflects proper consideration of the factors for evaluating pain articulated in the regulations; the medical evidence

---

[3](...continued)
ALJ transmitted to counsel this testimony in the form of answers to written interrogatories, gave notice of his intent to enter the testimony into the record, and provided a reasonable opportunity for any response in opposition. ( R. 115-116).

[4]Enacted in 2002 to supersede a 2000 policy guideline on the evaluation of obesity in disability claims, SSR 02-01p provides this guidance for the court's assessment of the merits of her contentions:
> We will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

[5]*Pl.'s Br.* at 9, 10. Dubose Lee specifies error in the ALJ's failure to consider her allegations of drowsiness but does not address this contention at all in her brief; nor does the Commissioner respond to this claimed error. The record confirms the ALJ's reference to Dubose Lee's report of drowsiness during the consultative examination by Dr. Bell as well as this doctor's opinions on her functional limitations. ( R. 24).

as a whole does not support symptoms of the severity Plaintiff alleges; [ and the ALJ] thoroughly considered Plaintiff's obesity in determining her residual functional capacity".[6]

### 1. *The Pain Standard*

The Eleventh Circuit continues to adhere to the pain standard articulated in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991):

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1)   evidence of an underlying medical condition;  and *either* (a) objective medical evidence confirming the severity of the alleged pain;  *or* (b) that the objectively determined medical condition  can reasonably be expected to give rise to the claimed  pain.

*Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1216 (11th Cir. 1991). A disability finding may be grounded solely on a claimant's subjective testimony supported by medical evidence that satisfies the pain standard. *Foote v. Chater*, 67 F. 3d 1553, 1561 (11th Cir. 1995).

If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, the ALJ must articulate explicit and adequate reasons for discrediting the claimant's allegations. *Dyer*, 395 F. 3d at 1210.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *See Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992); *Hale v. Bowman,* 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see also Moore v. Barnhart,* 405 F. 3d 1208 (11th Cir. 2005)(credibility

---

[6]*Def.'s Br.* at 4, 6.

determinations are for the ALJ).

      **2.**    **Analysis: ALJ's Credibility Assessment**

The ALJ recited properly his duty to assess the claimant's RFC by considering "the claimant's subjective complaints, including those regarding pain, in accordance with [20 CFR] §§404.1529 and 416.929, Social Security Ruling 96-7p, and applicable Eleventh Circuit case law."[7] He considered her subjective allegations of disabling pain and other symptoms and found them "not credible":

> The claimant's testimony of disabling pain and functional restrictions is disproportionate to the objective medical evidence. The record does not contain objective signs and findings that could be reasonably expected to produce the degree and intensity of pain and limitations alleged. There are not any diagnostic studies demonstrating abnormalities that might produce such severe symptoms. Morever, there is no evidence of an emotional component capable of causing pain of a psychogenic nature. The physical findings in the record do not establish the existence of neurological deficits, significant weight loss, muscle atrophy, or other observable signs often indicative of protracted pain of the intensity, frequency, and severity alleged.[8]

The ALJ buttressed his finding by reference also to Dubose Lee's daily activities along with medical opinions in the record, including those of Disability Determination Services ("DDS") consultants.[9]

The court finds substantial evidence to support the ALJ's reasoning after careful scrutiny of the record. Evident upon this record is the ALJ's consideration of the interplay between her morbid obesity and her osteoarthritis and his express reference to Social Security Ruling 02-1p:

> In considering this claim, I find the claimant's morbid obesity is her most significant impairment. It is probably the source of the osteoarthritis in her knees and ankles and of her shortness of breath. There is no doubt it exacerbates the claimant's

---

[7]R. 20.

[8]R. 21-22.

[9]R. 20-21, 24.

osteoarthritis and I do not treat the severity of her morbid obesity lightly.[10]

In fact, "[i]n an effort to find objective evidence in support of the claimant's subjective complaints, [the ALJ] ordered a post hearing a consultative examination with Dr. [Scott A. ] Bell."[11]

Scrutiny of Dr. Bell's June 24, 2003 consultative evaluation, performed approximately two months after the administrative hearing, reveals that Dubose Lee would be able "to walk two hours and stand about six hours with limitations secondary to morbid obesity and evidence of knee arthritis in both knees and also left ankle arthritis. Dr. Bell further opined:

> I expect the Claimant to have no restrictions on sitting…I would expect her to be able to lift about 10-20 pounds on a frequent and occasional basis and carry about 10-15 pounds on a frequent and occasional basis. Postural limitations would be occasional bending and rare or probably no stooping or crouching because of difficulty performing those maneuvers on physical exam, her morbid obesity, and arthritis noted in both knees and left ankle.
>
> No manipulative limitations regarding reaching, handling, fingering, feeling, or grasping objects.
>
> She would have some relevant workplace environmental limitations related to her marked obesity…[12]

The ALJ adopted Dr. Bell's opinions concerning Dubose Lee's functional limitations and highlighted the examiner's notation that the limitations documented in his function by function assessment are primarily due to Dubose Lee's obesity and osteoarthritis.[13]

The ALJ also gave substantial weight to the diagnoses and opinions of Dr. Anthony Soler.

---

[10]R. 21 (footnote quoting portions of SSR 02-1p omitted).

[11]R. 21.

[12]R. 155-156.

[13]R. 21.

Dr. Soler performed a physical consultative evaluation on March 29, 2002.[14] Dr. Soler, like Dr. Bell, diagnosed "osteoarthritis, mild to moderate, effecting weight-bearing joints secondary to the claimant's morbid obesity".[15] He also found that Dubose Lee could perform work activity.

Nothing in Dr. Bell's or Dr. Soler's assessment contradicts the ALJ's finding that the medical evidence did not confirm the severity of the alleged pain. Substantial evidence exists in this record to support the ALJ's conclusion that " Dr. Bell did not find objective evidence to support the degree of pain and functional limitations alleged by the claimant."[16] Therefore, despite Dubose Lee's diagnosis of morbid obesity and osteoarthritis, both deemed to be severe impairments, substantial evidence supports the ALJ's conclusion that these impairments nonetheless do not prevent her from performing substantial gainful activity.

Dubose Lee also deems inappropriate the ALJ's determination that her "limited daily activities cannot be objectively verified with any reasonable degree of certainty" because to objectively verify daily activities "has never been a criteria for the assessment of credibility".[17] She further finds error in the ALJ's conclusion that her limited daily activities cannot be attributed to her medical condition, because it "cuts against Social Security's own statements that obesity combined with arthritis may cause more pain than might be expected from arthritis alone."[18]

While the ALJ may not deny disability benefits based solely upon a claimant's ability to

---

[14]R. 124-128.

[15]R. 127.

[16]R. 21.

[17]*Pl.'s Br.* at 10.

[18]*Pl.'s Br.* at 11.

perform minimal daily activities, *see Lewis v. Callahan*, 125 3d 1436, 1441 (11th Cir. 1997), it is unquestioned that he may consider a claimant's daily activities. 20 C.F.R. §404.1529; Social Security Ruling 96-7p; *see also Macia v. Bowen*, 829 F. 2d 1009, 1012 (11th Cir. 1987); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1337-38 (M.D.Ala. 2001). Furthermore, as discussed *supra*, upon finding that Dubose Lee's obesity exacerbates her osteoarthritis, the ALJ properly explained how he assessed the evidence on whether the combination of such impairments would adversely affect her ability to perform in the workplace.

Dubose Lee merely attempts to weigh the evidence and draw her own conclusions about her subjective allegations and the effects of her obesity on her osteoarthritis. While Dubose Lee may disagree with the manner in which the ALJ took account of the evidence, the court cannot re-weigh the evidence. *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986); *McCray*, 175 F. Supp. 2d at 1338. Nor can the court decide the facts anew or substitute its judgment for that of the ALJ. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004).

Although this court may have reached a contrary result as the finder of fact, it must affirm the decision if it is supported by substantial evidence. *Edwards v. Sullivan*, 937 F. 2d 580, 584 n. 3 (11th Cir. 1991). Consequently, because substantial evidence supports the ALJ's credibility determination, remand is not warranted. *See Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

## V. CONCLUSION

For the reasons explained in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is undergirded by substantial evidence and reflects a proper application of controlling legal standards. It is, therefore,

**ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment will be entered.


Done this 27th day of February, 2006.

> **/s/ Delores R. Boyd**
> DELORES R. BOYD
> UNITED STATES MAGISTRATE JUDGE